MADISON TRUST COMPANY, A CORPORATION, PLAINTIFF,
v. CESILIUS SWENSON, DEFENDANT.

Argued November 8, 1923—Decided February 19, 1924

**Judgment—Order—Striking Out Counter-claim and Entry of Summary Judgment Appealable—When Claim is Admitted and Affidavits Taken Under the Rule Showed No Merit to Counter-claim, Order for Judgment will be Sustained.**

On rule to show cause.

Before Justices KALISCH and KATZENBACH.

For the plaintiff, *Charles A. Rathbun.*

For the defendant, *Kessler & Kessler.*

PER CURIAM.

This matter comes before us on a rule to show cause why a summary judgment entered against the defendant should not be opened and the defendant permitted to file a counter-claim which was struck out at the time of entering of the judgment. The suit was instituted on February 17th, 1923, and was based upon four demand promissory notes, each for the sum of $5,000, two dated February 20th, 1917, and two dated February 28th, 1917, made by the defendant to his order and endorsed by the defendant and purchased by the plaintiff.

The defendant, as appears from the affidavits taken under the rule in this case, was an acquaintance of Theodosius B. Morris, former treasurer of the plaintiff company. Mr. Morris was a forger. By his forgeries he caused the plaintiff large losses. He was indicted, pleaded guilty and was sentenced to the New Jersey state prison.

The defendant, in addition to the moneys obtained from the obligations upon which this action is founded, had

obtained approximately $153,000 from the plaintiff on drafts made from December 27th, 1916, to March 6th, 1917. These drafts were drawn by the defendant to his order and endorsed by him, and then fraudulently accepted by Morris in the name of the Madison Trust Company. The defendant, after the drafts had been accepted in the manner mentioned, caused the drafts to be negotiated at different banking institutions in the states of New Jersey and New York, and received the money therefor. The plaintiff was obliged to pay these drafts.

The defendant held a chattel mortgage of $100,000 upon a vessel known as the "Augustus Welt." One Jacob C. Stines was the owner of the vessel. This mortgage had been assigned to the plaintiff, but the assignment was conditional. Later an absolute assignment of this $100,000 mortgage was given by the defendant to the plaintiff. The plaintiff refers to this assignment as a bill of sale. Jacob C. Stines then transferred title of the vessel to one Henry G. Peters, who transferred the title to the Augustus Welt Corporation. In June, 1917, the vessel was sunk by a German submarine.

In the present suit on the promissory notes the defendant admitted in his answer the making of the notes. He filed a counter-claim for $105,000 for moneys collected by the plaintiff for advance freight charges upon goods to be transported by the "Augustus Welt" and for the conversion of the "Augusus Welt" by the plaintiff.

On motion the counter-claim was struck out and a summary judgment was entered. The Supreme Court justice who made the order then allowed a rule to show cause why the judgment should not be opened and the counter-claim reinstated. The testimony taken under this rule fails to show that there was any money paid in advance freight to the plaintiff. If moneys were paid they could not have been paid for the benefit of the defendant, as he was never at any time the owner of the vessel. Only the owner of the vessel or one operating it under a charter party would be entitled to any advance freights, assuming that the plaintiff had received them.

There is nothing in the testimony which shows that the plaintiff had converted the "Augustus Welt" to its use. The title to the vessel at the time it was sunk was in the Augustus Welt Corporation.

The order striking out the counter-claim and entering a summary judgment is an appealable order. In the absence of anything in the affidavits taken under the rule which shows merit in the counter-claim, and in view of the fact that the making of the notes is admitted by the defendant in his answer, we think the order made striking out the counter-claim and entering judgment was proper. The rule to show cause is discharged, with costs.